**Edward Albert PIORKOWSKI,
Plaintiff,**

**v.**

**ARABIAN AMERICAN OIL COMPANY,
a corporation, Bernard C. Glueck, Jr.,
doing business as Stony Lodge, and
Louis Emile Bernard, doing business as
Stony Lodge, Defendants.**

United States District Court
S. D. New York.

June 10, 1955.

Sargent & Sand, New York City, Joseph H. Sand, New York City, of counsel, for plaintiff.

Baker, Garber & Chazen, Hoboken, N. J., for moving parties.

DAWSON, District Judge.

This is a motion for an order substituting the firm of Baker, Garber & Chazen as attorneys for the plaintiff in place of the firm of Sargent & Sand. A client ordinarily has the right to change his attorneys if he wishes to do so, but for this Court to approve the substitution, it is necessary that it be satisfied that the substituted attorneys are qualified by the Rules of this Court to act as attorneys of record in the case.

The motion papers originally presented on the motion describe the firm of Baker, Garber & Chazen as having their office and post office address at:

"1 Newark Street,
Hoboken, New Jersey
and
220 Broadway (Rm 2104)
New York City"

Each of the three members of this firm is admitted to practice before this

Court. However, Mr. Baker, at a hearing before me, stated that none of them is a member of the Bar of the State of New York, and that for that reason, neither the firm nor the members thereof are listed in the New York Telephone Directory. It also appears, upon investigation, that the firm of Baker, Garber & Chazen does not appear on the directory board of 220 Broadway, New York City. Mr. Baker has stated that the name of the firm does appear, as "New Jersey lawyers", on the door of Room 2104 of that building. He stated that that room houses another law firm which acts as their representative and accepts service of papers on their behalf, but that neither he nor his partners actually occupy any office there.

Rule 4 of the General Rules of this Court provides:

> "No member of the bar of this court not having an office within the Southern or Eastern District of New York shall appear as attorney or proctor of record in any cause without designating with his initial notice or pleading a member of the bar of either district having an office within the Southern or Eastern District of New York upon whom service of papers may be made."

■ The requirement for the designation of a member of the Bar having "an office" within the Southern or Eastern Districts of New York requires an actual office and not merely a mailing address. However, it would be a violation of Sec. 270 of the Penal Law of the State of New York, McKinney's Consol. Laws, c. 40, for any person in the State of New York to "advertise that he either alone or together with any other persons or person has, owns, conducts or maintains a law office" unless such person has been regularly admitted to practice law in the Courts of the State of New York.

Compliance with Rule 4 of the General Rules of this Court requires that there be designated in the initial notice or pleading an attorney who maintains an "office" in New York; but the maintenance of an office by an attorney in New York State presupposes that the attorney is admitted to the Bar of New York State. If the moving parties are, as attorneys, maintaining an office in New York, they are not complying with the laws of New York. If they are not maintaining such an office in New York, they are not qualified to appear as attorneys of record in a case in this Court unless in their initial notice or pleading they have designated some member of the Bar of this Court having an office in the Southern or Eastern Districts as the attorney upon whom service of papers may be made. This they have not done.

The motion for substitution of counsel is denied, without prejudice to the renewal of the motion on presentation of proper papers. So ordered.